IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN ADERHOLD,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br><br>Case No. 2:05-CR-544 TS |

This matter is before the Court for consideration of Defendant's Motion for Early Termination of Supervised Release.[1] For the reasons discussed below, the Court will deny the Motion.

## I. BACKGROUND

A Felony Information was brought against Defendant on October 2, 2005, alleging a violation of 18 U.S.C. § 2425, use of interstate facility to transmit information about a minor. On October 3, 2005, Defendant pleaded guilty to Count I of the Information. Defendant was

---

[1]Docket No. 48.

sentenced on January 30, 2006, to a period of 46 months in the custody of the Bureau of Prisons, to be followed by a 60-month term of supervised release. Defendant now moves to terminate that supervision. The Government has filed an opposition to Defendant's Motion.

Defendant has completed 32 months of his 60-month term of supervised release. In his Motion, Defendant indicates that he has complied with all of the requirements of supervised release and remains current on the State of Utah's Sex Offender Registration. As part of his supervision, Defendant has participated in couples counseling and has completed sex offender treatment. Defendant has also obtained further education and started his own business. Defendant indicates that he has learned from his mistakes and requests that the time he has served be considered sufficient. Consultation with Defendant's supervising officer confirms that Defendant has remained compliant with the terms of his supervised release.

The Government objects to Defendant's Motion for Early Termination of Supervised Release. The Government argues that early termination is not in the interest of justice when considered in light of the factors found in 18 U.S.C. § 3553(a). The Government's objection is premised on the serious nature of the conduct giving rise to Defendant's conviction and the deterrence provided through supervised release. In support of its objection, the Government cites studies that indicate that the rate of recidivism among sexual offenders is rather high, and the likelihood of recidivism actually increases as more time passes from the original crime.[2] The Government also notes that Congress imposed a mandatory term of supervised release for these

---

[2] *See* Docket No. 49, at 6; *see also United States v. Mabe*, 2012 WL 1788182, at *1 n.2, 3 (D. Utah May 15, 2012).

types of offenses. Thus, according to the Government, a reduction in the 5-year term of supervised release in this matter does not encourage respect for a law Congress designed to keep the internet free of illegal sexual solicitation of minors.

## II. DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Having considered these factors, reviewed the docket and case file, and consulted with Defendant's supervising officer, the Court finds that early termination of Defendant's term of supervised release is not warranted or in the interest of justice. The Court notes with approval Defendant's good conduct thus far under supervised release. However, the Court is cognizant of the concerns raised by the Government and, for this reason, the Court will deny Defendant's Motion. The Court encourages the Defendant to continue his good conduct, but believes further supervision will be beneficial in this case.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 48) is DENIED.

DATED   February 21, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge